**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 21, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: January 21, 2010**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 09-18421 |
| | ) | |
| D & E LEASING CO., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| ------------------------------------- | ) | |
| In re: | ) | Case No. 09-18448 |
| | ) | |
| WILLIAM D. HALL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

These two Chapter 11 cases are currently before the Court on the debtors'

motions seeking reconsideration of the Court's December 15, 2009, orders

granting motions for relief from stay and abandonment with respect to real

property located at 4820 Lee Road, Cleveland, Ohio, 44128, filed by Huntington

National Bank ("Huntington Bank"). The debtors also seek to reopen the

---

[1] This memorandum of opinion is not intended for official publication.

evidentiary hearing held on December 9, 2009, in order to provide further evidence in opposition to Huntington Bank's motions for relief from stay. For the reasons that follow, the debtors' motions are denied.

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## BACKGROUND AND PROCEDURAL HISTORY

The debtors in these two related cases are an Ohio partnership, D & E Leasing Co. ("D & E Leasing"), and William D. Hall ("Hall"), general partner of D & E Leasing. D & E Leasing operates a series of apartment buildings known as Cameron Garden Apartments located at 4820 Lee Road. Two of the five buildings have been vacant and boarded up since Hall purchased the property in June of 2000. The other three buildings include approximately 44 apartment units, with roughly 23 units currently occupied.

In October of 2002, Hall executed a note ("Note 1") and open-end mortgage with Metropolitan Bank, as well as an assignment of rents. In June of 2005, Hall executed a note with Sky Bank, in the sum of $800,000 ("Note 2"). Hall also

signed a quitclaim deed conveying his interest in the property to D & E Leasing, which was recorded on June 20, 2005. In addition, D & E Leasing executed a mortgage securing Note 2, which was recorded on June 20, 2005. Huntington Bank is the successor in interest to both Metropolitan Bank and Sky Bank. On August 11, 2009, Huntington Bank obtained a judgment in state court in the amount of $459,365.00 plus interest on Note 1, and $796,485.15 plus interest on Note 2. The judgment against Hall was for both notes, while the judgment against D & E Leasing was for Note 2 only.

In response to Huntington Bank's efforts to initiate foreclosure proceedings and have a receiver appointed to collect rent payments, D & E Leasing and Hall filed petitions under Chapter 11 on September 7, 2009. Huntington Bank filed motions for relief from stay and abandonment in both cases, and the Court held an evidentiary hearing on both motions on December 9, 2009. The Court heard testimony from six witnesses, including Hall, received a number of exhibits, and accepted stipulations from the parties. Much of the testimony focused on whether the quitclaim deed recorded on June 20, 2005, effectively transferred ownership of the apartments from Hall to D & E Leasing.

On December 15, 2009, the Court stated its findings of fact and conclusions of law on the record pursuant to Bankruptcy Rule 7052 and Fed. R. Civ. P. 52(a),

and issued written orders in both cases granting Huntington Bank's motions for relief from stay and abandonment with respect to real property located at 4820 Lee Road, Cleveland, Ohio, 44128.

The debtors D & E Leasing and Hall both moved for reconsideration of the Court's December 15, 2009, orders granting Huntington Bank's motions for relief from stay and abandonment. They also moved to reopen the evidentiary hearing held on December 9, 2009, in order to provide further evidence in opposition to Huntington Bank's motions for relief from stay. On January 12, 2010, the Court heard oral argument on the debtors' motions and the briefs in opposition filed by Huntington Bank. The Court then took the matters under advisement.

## DISCUSSION

Although the debtors' motions are captioned as motions for reconsideration and motions to reopen evidentiary hearings, the Court will treat them as motions under Bankruptcy Rules 7052, 9023, and 9024, which respectively incorporate Rules 52, 59, and 60 of the Federal Rules of Civil Procedure. "Motions to alter or amend judgment may be granted if there is a clear error of law, . . . newly discovered evidence, . . . an intervening change in controlling law, . . . or to prevent manifest injustice." *Gencorp, Inc., v American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). "To constitute 'newly discovered

evidence,' the evidence must have been previously unavailable."
178 F.3d at 834.  A motion to alter or amend judgment under Rule 59(e) "is not a substitute for appeal and does not allow the unhappy litigant to reargue the case." *Bollenbacher v. Commissioner of Social Security*, 621 F. Supp.2d 497, 500-01 (N.D. Ohio 2008) (citations omitted).  *See also Exxon Shipping Co. v. Baker*, __ U.S. __, __ n.5, 128 S. Ct. 2605, 2617 n.5 (2008) ("Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' ") (*quoting* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 pp. 127-28 (2d ed. 1995)).

"The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion."  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).  A Rule 60(b) motion may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*See* 141 F.3d at 268.

Section 362 of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

A bankruptcy court may lift the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Because the Code provides no definition of what constitutes "cause" under § 362(d), courts must determine whether discretionary relief is appropriate on a case-by-case basis. *See Trident Ass'n Ltd. P'ship v. Metropolitan Life Ins. Co.( In re Trident Associates Limited P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995)) (holding that a bankruptcy court must consider the totality of the circumstances" when deciding to lift the automatic stay for cause); *Laguna Ass'n Ltd. P'ship v. Aetna Cas. & Sur. Co.* (*In re Laguna Associates Limited Partnership),* 30 F.3d 734, 737-38 (6th Cir. 1994)).

One of the factors to consider is whether there is a possibility of reorganization. As the United States Supreme Court noted in *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375-76 (1988), the phrase "necessary for an effective reorganization" in

6

section 362

> is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means, as many lower courts . . . have properly said, that there must be "a reasonable possibility of a successful reorganization within a reasonable time."

(citations omitted). Thus, a creditor may be entitled to relief from stay as soon as it becomes evident that there is no "reasonable possibility of a successful reorganization within a reasonable time." For example, even within the first four months of a Chapter 11 case, "lack of any realistic prospect of effective reorganization will require § 362(d)(2) relief." 484 U.S. at 376.

In its ruling granting Huntington Bank's motions for relief from stay, this Court concluded that there is essentially no likelihood of a successful reorganization that would include the apartments located at 4820 Lee Road. In reaching this conclusion, the Court found that Huntington Bank had a valid first lien on the premises, that given a secured debt in excess of $1.2 million and a current appraised value of about $600,000, there was no equity in the property for the debtors, and that there was no indication that anyone had the interest and ability to invest new money in the property necessary to fund a successful reorganization. The Court then cited to the Supreme Court's statement in *Timbers of Inwood Forest* that, even immediately after the bankruptcy filings, "lack of any realistic

7

prospect of effective reorganization will require § 362(d)(2) relief." *See* 484 U.S. at 376 & n.2 (citing *In re Anderson Oaks (Phase I ) Limited Partnership*, 77 B.R. 108, 109 110-13 (Bankr. W.D. Tex. 1987)).

In their motions for reconsideration and to reopen the evidentiary hearing, the debtors make a number of arguments; however, these arguments, whether taken individually or cumulatively, do not warrant the Court granting the relief requested. The Court will address the debtors' major arguments below. The court rejects all of the debtors' arguments, even if not specifically addressed in this memorandum of opinion.

*Ownership of 4820 Lee Road*

First, the debtors place great emphasis on their argument that the 2005 quitclaim deed from Hall to D & E Leasing did not effectively transfer all of the real property, thereby making D & E Leasing's 2005 mortgage to Huntington Bank ineffective, leaving Huntington Bank an unsecured creditor with respect to the money owed under Note 2. The Court rejects these arguments for several reasons. Ultimately, whether the quitclaim deed was sufficient to transfer all of Hall's interest in the property is a question of law, and the opinions of experts and employees of the county recorder, county auditor, and county engineer are of limited assistance. Rather, it is for this Court to determine, based upon the deed

8

that was recorded and applicable Ohio law, whether all six tax parcels of the property were transferred from Hall to D & E Leasing. *See United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984) ("Expert testimony on the law is excluded because the trial judge does not need the judgment of witnesses."). Based upon the second page of the deed, which specifically listed all six of the permanent parcel numbers, the Court finds that all of the property at issue was effectively transferred from Hall to D & E Leasing under Ohio law. *See generally Argent Mortgage Co., v. Drown (In re Bunn)*, 578 F.3d 487 (6th Cir. 2009) (mortgage with correct street address but missing legal description could not be set aside by bankruptcy trustee under Ohio law).

In addition, even if the deed were insufficient to transfer all of the property from Hall to D & E Leasing, such a result would not increase the likelihood of a successful reorganization. If the apartments were property of Hall's bankruptcy estate, D & E Leasing would have no significant assets with which to reorganize, and the open-end first mortgage, the validity of which is unquestioned, would presumably encompass Hall's guarantee on Note 2, leaving the apartments owned by Hall subject to an open-end mortgage with a balance due in excess of $1.2 million. *See* Ohio Rev. Code § 5301.232; *Colonial Mortgage Service v. Southard*, 56 Ohio St. 2d 347, 349, 384 N.E.2d 250, 252 (1978) ("an advance made

9

by the holder of an open-end mortgage has priority over other liens unless the mortgagee (1) has notice of the other liens and (2) is not obliged to make the advance."). And if Hall were to transfer the property to D & E Leasing now, under the doctrine of estoppel by deed, D & E Leasing's mortgage to Huntington Bank would encompass all of the property transferred, since D & E represented in the mortgage recorded on June 20, 2005, that it was the owner of the entire premises described in the mortgage. *See Gatts v. E.G.T.G., GMBH*, 14 Ohio App. 3d 243, 470 N.E.2d 425, 429 (1983). *See also* Ohio Rev. Code § 5302.13 (words "mortgage covenants" mean that mortgagor covenants with mortgagee that he is lawfully seized in fee simple of the granted premises).

*Interest and Ability to Fund a Plan of Reorganization*

The debtors have also sought reconsideration and/or to reopen the record to demonstrate that debtor Hall has the wherewithal and interest to fund a successful reorganization that includes the apartments located at 4820 Lee Road. In its findings, this Court noted that Hall was extremely reluctant to answer the Court's own questions about his interest in and ability to invest his own assets to fund a reorganization of the Lee Road apartments. While counsel for the debtors acknowledge that the Court's conclusion was reasonable, they insist that Hall was simply confused by the questions posed by the Court and counsel for Huntington

Bank. The Court notes, however, that it gave counsel an opportunity to follow up on Hall's responses during the debtors' case in chief, but the debtors chose not to do so. And while the debtors assert that significant equity exists in assets controlled by Hall, Hall himself is a debtor in Chapter 11, which presumably limits his ability to invest his own assets in the Lee Road apartments.

In addition, the debtors have been unable to timely and successfully prosecute these two Chapter 11 cases. Among the problems which the Court has identified are: (1) failure to file a disclosure statement and plan by Jan. 5, 2010, as established in prior scheduling orders; (2) late and/or unfiled operating reports – the October and November reports, which were due on Nov. 20, 2009, and Dec. 20, 2009, were not filed until three days after the Court raised the issue of their absence on Jan. 12, 2010, and the December reports, which were due on January 20, 2010, remain unfiled; (3) failure to give the proper 20-days notice of the Dec. 22, 2009, bar date for filing claims under Bankruptcy Rule 2002.

In addition, although the Court found it unnecessary to determine on December 15, 2009, that D & E Leasing is now subject to the provisions of 11 U.S.C. § 362(d)(3), it is worth noting that, more than 30 days later and more than 120 days after filing for bankruptcy, D & E Leasing has neither (1) filed a plan of reorganization that has a reasonable possibility of being confirmed within a

reasonable time, nor (2) commenced payments to Huntington Bank in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate. *See* 11 U.S.C. § 362(d)(3). For example, assuming a nondefault contract rate of interest of 5.77 percent and a secured-in-fact value of $600,000, Huntington Bank would theoretically be entitled to payments under 11 U.S.C. § 362(d)(3)(B) of $2,885 per month.

In short, while it may still be possible for Hall to successfully reorganize without retaining an interest in the Lee Road apartments, the Court remains convinced that there is no reasonable possibility of a successful reorganization within a reasonable time for either debtor with respect to the Lee Road apartments.

## CONCLUSION

For the foregoing reasons, the debtors' motions seeking reconsideration of the Court's December 15, 2009, orders granting Huntington National Bank's motions for relief from stay and abandonment with respect to real property located at 4820 Lee Road, Cleveland, Ohio, 44128, and to reopen the evidentiary hearing held on December 9, 2009, are denied.

IT IS SO ORDERED.