**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 24, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: February 24, 2010**

_____
**Arthur I. Harris**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: ) Case No. 09-18421
 )
D & E LEASING CO., ) Chapter 11
 )
 Debtor. ) Judge Arthur I. Harris

MEMORANDUM OF OPINION[1]

This Chapter 11 case is currently before the Court on the United States Trustee's motion to dismiss or convert pursuant to 11 U.S.C. § 1112(b). For the reasons that follow, the motion is granted, and this Chapter 11 case is dismissed.

JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C.

---

[1] This memorandum of opinion is not intended for official publication.

§ 157(b)(2)(A).

BACKGROUND AND PROCEDURAL HISTORY

The debtor in this case is an Ohio partnership, D & E Leasing Co. ("D & E Leasing"). D & E Leasing operates a series of apartment buildings known as Cameron Garden Apartments located at 4820 Lee Road. Two of the five buildings have been vacant and boarded up since D & E Leasing's general partner, William D. Hall ("Hall") purchased the property in June of 2000. The other three buildings include approximately 44 apartment units, with roughly 23 units currently occupied.

In October of 2002, Hall executed a note ("Note 1") and open-end mortgage with Metropolitan Bank, as well as an assignment of rents. In June of 2005, Hall executed a note with Sky Bank, in the sum of $800,000 ("Note 2"). Hall also signed a quitclaim deed conveying his interest in the property to D & E Leasing, which was recorded on June 20, 2005. In addition, D & E Leasing executed a mortgage securing Note 2, which was recorded on June 20, 2005. Huntington Bank is the successor in interest to both Metropolitan Bank and Sky Bank. On August 11, 2009, Huntington Bank obtained a judgment in state court in the amount of $459,365.00 plus interest on Note 1, and $796,485.15 plus interest on Note 2. The judgment against Hall was for both notes, while the judgment against

D & E Leasing was for Note 2 only.

In response to Huntington Bank's efforts to initiate foreclosure proceedings and have a receiver appointed to collect rent payments, D & E Leasing and Hall filed petitions under Chapter 11 on September 7, 2009. Huntington Bank filed motions for relief from stay and abandonment in both cases, and the Court held an evidentiary hearing on both motions on December 9, 2009. The Court heard testimony from six witnesses, including Hall, received a number of exhibits, and accepted stipulations from the parties. Much of the testimony focused on whether the quitclaim deed recorded on June 20, 2005, effectively transferred ownership of the apartments from Hall to D & E Leasing.

On December 15, 2009, the Court stated its findings of fact and conclusions of law on the record pursuant to Bankruptcy Rule 7052 and Fed. R. Civ. P. 52(a), and issued written orders in both cases granting Huntington Bank's motions for relief from stay and abandonment with respect to real property located at 4820 Lee Road, Cleveland, Ohio, 44128.

The debtors D & E Leasing and Hall both moved for reconsideration of the Court's December 15, 2009, orders granting Huntington Bank's motions for relief from stay and abandonment. They also moved to reopen the evidentiary hearing held on December 9, 2009, in order to provide further evidence in opposition to

Huntington Bank's motions for relief from stay. On January 12, 2010, the Court heard oral argument on the debtors' motions and the briefs in opposition filed by Huntington Bank. In its memorandum of opinion and orders dated January 21, 2010, the Court denied the motions for reconsideration and to reopen the evidentiary hearing. As the Court explained in its memorandum of opinion:

> In its ruling granting Huntington Bank's motions for relief from stay, this Court concluded that there is essentially no likelihood of a successful reorganization that would include the apartments located at 4820 Lee Road. In reaching this conclusion, the Court found that Huntington Bank had a valid first lien on the premises, that given a secured debt in excess of $1.2 million and a current appraised value of about $600,000, there was no equity in the property for the debtors, and that there was no indication that anyone had the interest and ability to invest new money in the property necessary to fund a successful reorganization. The Court then cited to the Supreme Court's statement in *Timbers of Inwood Forest* that, even immediately after the bankruptcy filings, "lack of any realistic prospect of effective reorganization will require § 362(d)(2) relief." *See* 484 U.S. at 376 & n.2 (citing *In re Anderson Oaks (Phase I ) Limited Partnership*, 77 B.R. 108, 109 110-13 (Bankr. W.D. Tex. 1987)).
>
> In their motions for reconsideration and to reopen the evidentiary hearing, the debtors make a number of arguments; however, these arguments, whether taken individually or cumulatively, do not warrant the Court granting the relief requested.

Memorandum of Opinion (Jan. 21, 2010) at 7-8. On Feb. 1, 2010, D & E Leasing and Hall both filed notices of appeal from the orders granting relief from stay and denying reconsideration. Neither debtor has moved this court for a stay pending appeal pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure.

4

On February 3, 2010, the U.S. Trustee filed a motion to convert or dismiss this case pursuant to 11 U.S.C. § 1112(b). The U.S. Trustee identified various grounds in support of dismissal or conversion, including: failure to file complete operating reports, failure to pay quarterly fees due to the U.S. Trustee, and the absence of a reasonable likelihood of rehabilitation. On February 23, 2010, the Court heard oral argument on the U.S. Trustee's motion. Although counsel for the debtor requested an evidentiary hearing, the Court instead requested that counsel make a proffer of any new evidence which would alter the Court's prior conclusion that there is essentially no likelihood of a successful reorganization. Debtor's counsel indicated that a new appraisal valued the apartment property at about $767,000, as opposed to the $600,000 appraisal submitted by Huntington Bank. Otherwise, the debtor proffered no evidence that, if accepted as true, would cause the Court to reconsider its earlier decision granting relief from stay on account of no likelihood of a successful reorganization. Rather, debtor's counsel simply asserted that the Court's prior conclusions were incorrect and the subject of an ongoing appeal. After hearing further argument, the Court indicated that it would grant the U.S. Trustee's motion in a written opinion and issue an order dismissing the case.

5

# DISCUSSION

Section 1112 of the Bankruptcy Code provides in pertinent part:

> (b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that--
>
>> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>>
>> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)--
>>
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>>
>>> (ii) that will be cured within a reasonable period of time fixed by the court.
>
> (3) The court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.

6

(4) For purposes of this subsection, the term 'cause' includes--

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (B) gross mismanagement of the estate;

    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

    . . . .

    (E) failure to comply with an order of the court;

    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

    . . . .

    (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

    . . . .

    (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

    (K) failure to pay any fees or charges required under chapter 123 of title 28;

    . . . .

Pursuant to Fed. R. Bankr. P. 1017(f)(1), a motion to dismiss or convert under section 1112(b) is a contested matter governed by Rule 9014.

"The decision to dismiss or convert a Chapter 11 case falls within the sound

7

09-18421-aih    Doc 166    FILED 02/24/10    ENTERED 02/24/10 15:21:45    Page 7 of 10

discretion of the Bankruptcy Court." *In re Mitan*, 573 F.3d 237, 247 (6th Cir. 2009) (internal quotations omitted); *accord In re AMC Mortgage Co.*, 213 F.3d 917, 920 (6th Cir. 2000). In determining a motion to dismiss or convert, "the bankruptcy court is afforded wide discretion to determine if cause exists and how to ultimately dispose of the case." *Fishell v. U.S. Trustee*, 19 F.3d 18, 1994 WL 64718, No. 93-1182 at *1 (6th Cir. 1994) (per curiam) (unpublished table decision) (citing *Matter of Koerner*, 800 F.2d 1358, 1367 (5th Cir. 1986)). "Cause for dismissal is not limited to the specifically enumerated examples set out in section 1112 but is rather within the sound discretion of the bankruptcy court." 1994 WL 64718 at *3 (internal quotations omitted). The party seeking dismissal or conversion under section 1112 bears the burden of proving, by a preponderance of the evidence, that "cause" exists. *See*, *e.g.*, *In re Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir. 1994); *In re Wahlie*, 417 B.R. 8, 11 (Bankr. N.D. Ohio 2009).

In the present case, the U.S. Trustee has raised a number of grounds in support of conversion or dismissal; however, the Court finds that one issue is dispositive – "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" under section 1112(b)(4)(A). When the Court granted Huntington Bank's motion for relief from stay on December 15, 2009, it essentially removed the only significant income-generating

8

asset of the debtors – the apartments located at 4820 Lee Road and, unless the order were overturned, also eliminated any likelihood of rehabilitation for the debtor D & E Leasing. *See Fishell v. U.S. Trustee*, 1994 WL 64718 at *2 (affirming conversion of case from Chapter 11 to Chapter 7 where debtors lost the primary asset on which they had relied for rehabilitation and reorganization).

While counsel for the debtor requested an evidentiary hearing and sought an extension of time until March 8, 2010, to file a plan and disclosure statement, no purpose would be served by hearing the proffered testimony or by granting an extension of time, absent the reversal of the order granting relief from stay or a stay of that order pending appeal. Nor is there anything in the evidence proffered by debtor's counsel that would cause this Court to change its earlier conclusion that cause exists for granting relief from stay, which the Court reaffirmed on January 21, 2010, when it denied the debtor's motion for reconsideration and to reopen the evidentiary hearing on the issue of relief from stay. For example, a proffered appraisal of approximately $767,000 for the apartment properties (as opposed to the $600,000 appraisal submitted by Huntington Bank) would still leave Huntington Bank significantly undersecured, given its secured claim in excess of $1,200,000. In fact, the higher appraisal would actually increase the amount needed to pay Huntington Bank to the extent that Huntington Bank were secured in

9

fact by the higher appraisal.

In short, the same reasons that constituted "cause" for granting Huntington Bank's motion for relief from stay constitute "cause" for granting the U.S. Trustee's motion to convert or dismiss. The Court incorporates by reference the findings in its oral ruling on December 15, 2009, as well as pages 7-12 of its memorandum of opinion dated January 21, 2010, as to why there was essentially no reasonable likelihood of a successful reorganization even before the Court issued its order granting Huntington Bank's motion for relief from stay. Because the debtor, the U.S. Trustee, and Huntington Bank are in agreement that dismissal, as opposed to conversion, is in the best interest of creditors and the estate, *see* 11 U.S.C. § 1112(b)(1), the Court will enter a separate order dismissing this case.

## CONCLUSION

For the foregoing reasons, the U.S. Trustee's motion to convert or dismiss is granted, and this Chapter 11 case is dismissed.

IT IS SO ORDERED.